# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

DAVID ROBERTSON,

        Petitioner,

v.

SUPERINTENDENT,

        Respondent.

Case No. 3:17-CV-154 JVB

## OPINION AND ORDER

David Robertson, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-11-252) where a disciplinary hearing officer (DHO) found him guilty of Assault/Battery in violation of Indiana Department of Correction (IDOC) policy A-102. (ECF 1 at 1.) As a result, he was sanctioned with the loss of 180 days earned credit time and was demoted from Credit Class 2 to Credit Class 3. (*Id.*) Robertson identifies three grounds in his petition.

In Ground One, Robertson argues that the DHO was not provided with a complete account of events by the correctional officer who wrote the Conduct Report. (ECF 2 at 2.) According to Robertson, the Conduct Report did not provide a complete recitation of the facts, and instead reported only the officer's point of view. (*Id.*) Robertson also asserts that there was an internal affairs investigation and fifteen inmate witnesses gave statements. (*Id.*) He does not identify what these witnesses reported, or whether the evidence would have been exculpatory. Finally, in Ground One, Robertson admits that he was fighting, and argues that his charge should have been for Fighting, a lesser offense. (*Id.*)

1

Ground One does not identify any due process violation. Robertson could have raised facts not contained in the Conduct Report (i) during his hearing; (ii) through his lay advocate; (iii) by calling witnesses; or (iv) by presenting evidence. (ECF 2-1 at 2.) Robertson was provided with notice of the disciplinary hearing and the charges, but declined the opportunity to call any witnesses, present any evidence, or accept the offer of a lay advocate. (*Id.*) Robertson's due process rights were adequately protected by the procedural safeguards afforded to him pursuant to *Wolff v. McDonnell*, 418 U.S. 556 (1974). That he declined to invoke these rights, and was subsequently found guilty, is not a basis for habeas corpus relief. Therefore, Ground One is denied.[1]

In Ground Two, Robertson challenges the sufficiency of the evidence on which he was found guilty. (ECF 2 at 2.) The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must

---

[1] Moreover, a due process error in a habeas corpus case is harmless unless it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAnich*, 513 U.S. 432, 435 (1995). The denial of a due process right will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Here, Robertson wholly fails to allege any injurious effect on the outcome of his proceedings. Thus, even if he showed that due process error took place, which he did not, any such error would be deemed harmless and not a basis for habeas relief.

point to the accused's guilt. It is not our province to assess the comparative
weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

An inmate violates IDOC A-102 by "[c]ommitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious bodily injury." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC defines "serious bodily injury" as:

> [a]n injury to a person that requires urgent and immediate medical treatment (normally more extensive than mere first aid, such as bandaging a wound; but which might include stitches, setting of broken bones, treatment of concussion, etc.) and/or that creates a substantial risk of death or that causes:
> - Serious permanent disfigurement;
> - Unconsciousness;
> - Extreme pain;
> - Permanent or protracted loss or impairment of the function of a bodily member or organ; or
> - Loss of a fetus.

The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

The DHO had sufficient evidence on which to find Robertson guilty of violating IDOC A-102. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The Conduct Report states:

> [o]n Nov. 15th 2016 at approx. 7:14 am offender Robertson, David (#184647) (D2-E2-10L) approached offender Alexander, Charles (# 204608) (D2-E1-13u)

> and hit him multiple times in the throat and head with a closed fist. Due to this assault offender Alexander had to be transported to an outside agency for medical attention.

Robertson was given notice of his hearing, but declined to request any witnesses or evidence in his defense. (ECF 2-1 at 2.) The DHO considered all of the evidence and ultimately determined that Robertson was guilty of violating IDOC A-102. Robertson admits to fighting with Alexander, and admits that Alexander was transported to an outside facility for additional medical attention. (ECF 2-1 at 4.) While Robertson argues that Alexander's injuries were caused by correctional staff, not by him, the court will not re-weigh the evidence or question the DHO's credibility determinations. *See McPherson*, 188 F.3d at 786. On the basis of Robertson's admissions alone, the DHO could have reasonably determined that the injuries Alexander sustained satisfied the requirements of "serious bodily injury" pursuant to A-102. This finding was not unreasonable or arbitrary. The DHO had sufficient evidence on which to find Robertson guilty of battery. Therefore, Ground Two is denied.

In Ground Three, Robertson argues that the sanctions imposed on him were too harsh. (ECF 2 at 3.) However, harshness is not a valid basis for challenging a punishment that is within the range of the offence for which the inmate was found guilty. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence"). Here, the maximum sanction for the violation of a Class A offense is 180-day reduction in earned credit time and a three-step demotion in Credit Class. The Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-

2015.pdf. Robertson's sanctions were within these ranges. Therefore, the harshness of his sanctions is not a ground for habeas corpus relief. Ground Three is denied.

If Robertson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For the reasons set forth above, the petition (ECF 2) is **DENIED** pursuant to Habeas Corpus Rule 4. The clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 28, 2017.

    S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE